In the Matter of STATUS GAME CORPORATION, Debtor.

**Bankruptcy No. 2–89–00705.**

United States Bankruptcy Court, D. Connecticut.

June 30, 1989.

Alexander Rostocki, Jr., and Thomas F. Parker, Sorokin, Sorokin, Gross, Hyde & Williams, P.C., Hartford, Conn., for debtor in possession.

Eric J. Small, Staff Atty., Office of United States Trustee, D. Conn., New Haven, Conn.

AMENDED

MEMORANDUM OF DECISION

RE: DEBTOR IN POSSESSION'S APPLICATION TO EMPLOY COUNSEL

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

The matter before the court is the United States Trustee's objection to an application of a debtor in possession in a newly-filed chapter 11 case for authority to retain its regular prepetition counsel as counsel for the estate.

## II.

Status Game Corporation (the debtor), a publicly-held company engaged in the sale of vending, amusement and gaming machines, filed a bankruptcy petition on June 3, 1989, and simultaneously sought an order, pursuant to 11 U.S.C. § 327(a), approving the retention of Sorokin, Sorokin, Gross, Hyde & Williams, P.C. (Sorokin) as counsel to the debtor in possession. Affidavits submitted by Sorokin, and other papers filed by the debtor, disclose the following:

(a) Sorokin and individual members of that firm had owned 13,036 shares of the debtor's common stock (.0032 of the outstanding 4,018,369 shares) which, prior to the filing of the bankruptcy petition, they transferred back to the debtor to remove Sorokin from the status of an equity security holder of the debtor.

(b) Sorokin, on May 26 and June 2, 1989, received $43,000.00 from the debtor, of which Sorokin credited $16,414.50 to the debtor's current account payable, and accepted $26,585.50 as a retainer for the

bankruptcy case. Sorokin also waived payment of $23,474.83 in unpaid prepetition charges to the debtor in order to remove Sorokin from the status of a creditor of the debtor.

(c) Old Stone Bank is the debtor's principal secured lender with an approximate debt of $4,331,757.00. The debtor claims assets totaling $772,992.00 and unsecured debts of $773,800.00. Sorokin, on some ten or so occasions previous to the bankruptcy filing, represented Old Stone Bank, and currently represents Old Stone Bank in a foreclosure of a residential mortgage, a matter unrelated to the debtor.

(d) Sorokin currently represents six unsecured creditors of the estate on matters unrelated to this case and will do so in the future.

(e) Sorokin has previously represented the debtor's president and secretary, who are also shareholders and directors of the debtor, but will not represent these persons in any matter during the pendency of this case.

(f) Sorokin currently represents other unnamed stockholders, with the extent of their holdings not disclosed, and Sorokin has agreed it will not represent "such individuals in any matter pertaining to this case."

(g) Sorokin performed the legal work to form three wholly-owned subsidiaries of the debtor, but does not currently represent the subsidiaries.

## III.

After a brief hearing held on June 20, 1989, on the debtor's application, the debtor and the United States Trustee promptly filed extensive memoranda of law, and they request an early determination by the court of the application. Both parties refer to the following sections of the Bankruptcy Code as pertinent to their arguments.

*§ 327. Employment of professional persons.*

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or

more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

.  .  .  .  .

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States Trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

.  .  .  .  .

*§ 1107. Rights, powers, and duties of debtor in possession.*

.  .  .  .  .

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

*§ 101. Definitions.*

.  .  .  .  .

(13) "disinterested person" means person that—

(A) is not a creditor, an equity security holder, or an insider;

.  .  .  .  .

## IV.

The United States Trustee argues that (a) Sorokin's "prejudices" occurring as a result of its ownership of the debtor's stock are not "cleansed" by the return of the stock on the eve of the bankruptcy filing; (b) Sorokin's prior representation of the debtor's president and secretary "engenders conflicting loyalties", notwithstanding the disclaimer not to represent them during the pendency of this case because of Sorokin's ethical obligation to protect any prior confidential information that may have been communicated during the attorney-client relationship; (c) Sorokin's stated intent to continue to represent "certain" stockholders on unrelated matters may impair Sorokin's ability to exercise independent judgment on behalf of the estate in dealing with such issues as impairment of equity interests; (d) Sorokin's past and current representation of the Old Stone Bank creates an actual conflict of interest, because the interests of the bank and the debtor are "diametrically opposed", and because of the continuing problem of protecting client confidences; (e) Sorokin's formation of the debtor's three subsidiaries where blanket liens are asserted by the Old Stone Bank on the debtor's and the subsidiaries' assets creates a conflict for Sorokin in viewing the inter-relationship of the affiliates with the debtor; (f) Sorokin's prepetition receipt of the debtor's funds constitutes a potential preference problem and renders Sorokin's interest adverse to the estate.

The United States Trustee concludes both the singularity and the totality of Sorokin's multiple representations and potential adverse interests prohibit the approval of its employment as counsel to the debtor in possession.

Sorokin contends it is a disinterested person and does not represent an interest materially adverse to the interest of the estate if the disinterestedness test of § 101(13) is not applied "blindly." It relies primarily on § 327(c) requiring an *actual* conflict where proposed counsel represents a creditor and the United States Trustee objects. Sorokin suggests that "minimal pre-title 11 relationships" should not deprive a debtor of the choice of professional persons.

## V.

I conclude that the application for approval of Sorokin as counsel to the debtor's estate must be denied. It is unnecessary to discuss and resolve the validity *vel non* of each of the objections of the United States Trustee because I find that the past and current representation by Sorokin of Old Stone Bank, considering the significance and claimed priority of the Old Stone

Bank debt, without question taints Sorokin's engagement as general counsel with the appearance of conflict. *See* 2 L. King, *Collier On Bankruptcy* ¶ 327.03 at 324–43 (15th ed. 1989). The application is denied, and it is

SO ORDERED.