**In re Joseph A. CALABRESE, Debtor.**

**Bankruptcy No. 2–94–02223.**

United States Bankruptcy Court,
D. Connecticut.

Oct. 17, 1994.

James C. Graham, Pepe & Hazard, Hartford, CT, for Official Committee Of Unsecured Creditors.

Susan M. Williams, Grafstein and Associates, Farmington, CT, for debtor.

Guy Van Baalen, U.S. Trustee Office, New Haven, CT.

*MEMORANDUM OF DECISION ON OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION FOR APPROVAL OF EMPLOYMENT OF ATTORNEY FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS* [1]

ROBERT L. KRECHEVSKY, Chief Judge.

I.

On August 5, 1994, the Official Committee of Unsecured Creditors (the Committee) in the Chapter 11 case of Joseph A. Calabrese (the debtor), filed an application to approve the employment of Pepe & Hazard (P & H) as counsel for the committee, retroactive to August 2, 1994. An affidavit, pursuant to Fed.R.Bankr.P. 2014, of James C. Graham, Esq. (Graham), a P & H partner, disclosed that P & H represents and will continued to represent seven of the debtor's creditors: Fleet Bank, N.A. (Fleet); Connecticut Light & Power (CL & P); Yankee Gas Services Company (Yankee Gas); Centerbank; Bank of Boston (BOB); Insurance Company of North America (INA); and BCS Acquisitions (BCS).

The affidavit stated that to the extent of Graham's knowledge, "P & H holds no interest adverse to the interests of the Debtor or the Debtor's estate, and is a 'disinterested person' within the meaning of 11 U.S.C. § 101(14)." This court's practice, in general, is to review counsel retention applications ex parte in chambers, if the United States Trustee (UST) endorses the application with a "no objection" notation. Otherwise, the application is set for hearing by the clerk's office. In this instance, the UST did not endorse the application, and the clerk's office scheduled a hearing for August 25, 1994.

Graham supplemented his affidavit with a letter dated August 23, 1994 to the UST in which he noted, *inter alia,* that according to the debtor's schedules, the debtor, a substantial real estate developer, appeared to be solvent and that the debtor's creditors included ten holding mortgages. The letter informed that P & H represented three secured creditors in matters unrelated to the debtor's estate: BOB, holding mortgages on two properties securing a $2.5 million debt; Fleet, holding one mortgage securing a $1.9 million debt; and a Centerbank subsidiary, holding one mortgage securing a $125,000 debt. These mortgage debts represent 16% of secured debt. The letter further advised that P & H represented three of the approximately 36 unsecured creditors, with claims of some $32,000 out of an apparent total unsecured debt of $600,000. The letter reasserted P & H's belief that it represented no adverse interest, but that if the UST, or the court, believed a potential for conflict existed with respect to P & H's representation of the three secured creditors, P & H suggested, and the debtor and the Committee had approved, that separate counsel to the Committee be appointed to advise the Committee concerning the validity, priority and extent of such creditors' liens.

At the August 25, 1994 hearing, the UST appeared and objected to the approval of the application to employ P & H, asserting that P & H's continued representation of the three secured creditors disqualified P & H as

1. This ruling was originally entered on the record orally, after argument, on September 8, 1994.

counsel to an unsecured creditors' committee. When the court indicated there appeared to be merit to this objection, P & H requested an opportunity to file a memorandum setting forth reasons why P & H's continued representation of secured creditors in matters unrelated to the bankruptcy case under the conditions obtaining was unobjectionable. The court granted the request and on September 1, 1994, P & H filed its memorandum.

## II.

■ Bankruptcy Code § 1103(a) authorizes an unsecured creditors' committee to employ, with court approval, one or more attorneys to represent and perform services for the committee. Section 1103(b) provides that an attorney so employed may not "represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." Section 328(c) also states that an attorney employed pursuant to § 1103 may be denied compensation if at any time during such employment the attorney is not a disinterested person or represents an interest adverse to the interest of the estate with respect to the matter on which such attorney is employed.

■ After review of the P & H memorandum, the court remains of the opinion that the UST's objection is meritorious, and denies the Committee's application for approval of P & H's employment. As is apparent from § 1103(b), Congress created an exception for the employment of an attorney representing creditors of the same class as represented by the Committee, *i.e.*, unsecured creditors; but that exception, by its plain language, does not apply to the attorney's continued representation of creditors *not* of the same class, *i.e.*, secured creditors. It is not material to this court that in the case itself, P & H will not represent BOB, Fleet and Centerbank, as long as they continue to represent such creditors generally. Such was the thrust of this court's ruling in *In re Status Game Corp.*, 102 B.R. 19 (Bankr. D.Conn.1989), in which the court refused to approve the retention of a law firm for a debtor in possession where the law firm sought to continue to represent a secured creditor of the estate in matters unrelated to the case. The court ruled that the current representation of the secured creditor "taints [the law firm's] employment as general counsel with the appearance of conflict." *Id.* at 22 (citation omitted).

■ P & H seemingly acknowledges that the function of an unsecured creditors' committee may be adverse to secured creditors and suggests that as to BOB, Fleet and Centerbank, the court approve special counsel to be retained by the Committee to pursue whatever investigation is appropriate as to the validity, priority and extent of the interests held by these three creditors. The UST objects to this resolution of P & H representing interests that may be adverse, and the court concurs. *Cf.* 5 *Collier on Bankruptcy* para. 1103.03 (15th ed. 1994) ("In those cases when an objection is made to a committee's retention of an attorney or accountant who represents one or more creditors in connection with the case, the court should strictly construe section 1103(b) to avoid the appearance of conflict.").

## III.

The UST objection to the employment of P & H as attorney for the Committee is sustained, and the application of the Committee is denied. It is

SO ORDERED.