**DAIDO STEEL CO., LTD., Appellant,**

v.

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**Appellee.**

No. 4:94CV2570.

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 21, 1995.

---

**130**

William N. Letson, Letson, Jarrett & Rosenberg, Warren, OH, Herbert S. Edelman, Steven E. Fox, Kaye, Scholer, Fierman, Hays & Handler, Christopher F. Graham, Thacher, Profitt & Wood, New York City, for appellant Daido Steel Co., Ltd.

Joseph F. Hutchinson, Jr., Brouse & McDowell, Akron, OH, for appellee Official Committee of Unsecured Creditors.

*MEMORANDUM AND ORDER*

ANN ALDRICH, District Judge.

Daido Steel Co., Ltd. ("Daido") brings this appeal from an order of the United States Bankruptcy Court for the Northern District of Ohio authorizing the Official Committee of Unsecured Creditors (the "Committee") to continue its retention of specified counsel in Chapter 11 proceedings regarding CSC Industries, Inc. and the Copperweld Steel Company. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). For the reasons set forth below, the order of the bankruptcy court is affirmed.

### I.

Copperweld and CSC (collectively the "debtors") filed for protection under Chapter 11 of the Bankruptcy Code on November 22, 1993. Daido is the largest single creditor. On December 9, 1993, the Committee applied for authorization to retain Brouse & McDowell as its counsel in the bankruptcy proceedings; this application was granted.

Hamlin Holdings Inc. ("HHI") subsequently entered into negotiations with the debtors for the purchase of substantially all of their assets. Brouse & McDowell represents HHI, as well as its principals, in matters not related to the bankruptcy proceedings. HHI is represented by separate counsel with respect to its efforts to purchase the debtors' assets. HHI and the Committee have consented to Brouse & McDowell's continued representation of both entities. On September 30, 1994, the Committee applied to the bankruptcy court for permission to continue to retain Brouse & McDowell. Daido was the sole party who objected. By order of November 1, 1994, the bankruptcy court overruled Daido's objection and granted the Committee's application for continued retention of Brouse & McDowell.

### II.

District courts sitting in review of bankruptcy court decisions review findings of fact for clear error. *In re Southern Industrial Banking Corp.*, 809 F.2d 329, 331 (6th Cir. 1987). The court is to review the bankruptcy

court's conclusions of law *de novo*. *In re Edward M. Johnson and Associates, Inc.*, 845 F.2d 1395, 1398 (6th Cir.1988); and *Wolf Creek Collieries Co. v. GEX Kentucky, Inc.*, 127 B.R. 374 (N.D.Ohio 1991). The district court is to disturb the bankruptcy court's exercise of its sound discretion only if the district court determines that the bankruptcy court abused its discretion. *In re Zick*, 931 F.2d 1124 (6th Cir.1991).

### III.

■ On appeal, Daido maintains that the bankruptcy court erred in its application of each of the following: 1) 11 U.S.C. § 1103(b); 2) Canon 5 of the Ohio Code of Professional Responsibility; and 3) Canon 9 of the Ohio Code of Professional Responsibility. This Court addresses each of these claims in turn below.

A. Title 11, U.S.C. § 1103(b) provides:

An attorney or accountant employed to represent a committee under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

The parties' dispute turns on whether the phrase "in connection with the case" refers to the word "represent" or the word "interest." That is, the relevant question is whether the statute prohibits all simultaneous representation of a committee and another entity with an interest adverse to the committee, or instead prohibits such representation only where the attorney represents the other entity on a matter related to the bankruptcy proceeding.

Only one court has published a decision addressing this question. The Bankruptcy Court for the District of Connecticut held that § 1103(b) bars simultaneous representation of a committee of unsecured creditors and a secured creditor, even where the representation of the secured creditor is on a matter unrelated to the bankruptcy proceedings. *In re Calabrese*, 173 B.R. 61, 63 (Bkrtcy.D.Conn.1994). That court, however, did not base its decision on an analysis of the language or history of § 1103(b), but rather on its view that the exception to a *per se* bar in the case of representation of creditors of the same class was not applicable. That is, the court rested its decision on its conclusion that the second sentence of § 1103(b) does not provide an exception to the statute's command where one attorney seeks to represent two parties who are creditors belonging to different classes. The *Calabrese* court's analysis leaves unanswered the question here: whether the prohibition contained in the first sentence of § 1103(b), exceptions to that prohibition aside, extends to representation of an entity other than the committee on a matter not related to the bankruptcy proceedings.

In interpreting § 1103(b), *Collier on Bankruptcy* states: "With respect to attorneys and accountants, the committee may appoint such professional persons to represent the committee so long as any other party *represented* by such attorney *in connection with the case* does not have an adverse interest to the interests represented by the committee." 5 *Collier on Bankruptcy*, § 1103.03 at 1103–9 (15th ed. 1994) (emphasis added). Thus, *Collier* suggests that the phrase "in connection with" refers to the word "represent."

The legislative history of § 1103(b) supports *Collier*'s view. Prior to its amendment in 1984, § 1103(b) provided: "A person employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity in connection with the case." This language is plain: "the bill requires that an attorney for a creditors' committee cease representation of creditors in connection with the case. It *does not require the attorney to cease representation of the creditors in matters unrelated to the case.*" H.R.Rep. No. 595, 95th Cong., 1st Sess. 104–5, 1978 U.S.Code Cong. & Admin.News 5787 (1977) (emphasis added); *see also* 5 *Collier on Bankruptcy*, § 1103.03 at 1103–8, n. b. The 1984 amendment added the second sentence, substituted the words "An attorney or accountant" for "A person," and substituted the phrase "entity having an adverse interest" for the word "entity." *See* 11 U.S.C.A.

§ 1103(b), Historical and Statutory Notes, 1984 Amendments; and Pub.L. 98–353 § 500(a)(1). Although there is no legislative history specifically on point, the addition of these words appears to have had a refining, rather than a broadening, effect on the statute's reach. Rather than prohibiting all dual representation in connection with the bankruptcy case, the section now prohibits only dual representation in connection with the case where the represented parties have adverse interests. Nothing suggests that the phrase "in connection with the case" is to be given a meaning different than that it held prior to the amendment.

■ Thus, the *Calabrese* decision notwithstanding, § 1103(b) prohibits representation of a committee and another party with adverse interests in a bankruptcy case only where the representation of the second party is on a matter related to the bankruptcy proceeding. Here, where there is no dispute that Brouse & McDowell's representation of HHI and its principals concerns matters not related to the bankruptcy case, § 1103(b) imposes no bar to simultaneous representation of both HHI and the Committee. The bankruptcy court committed no error in refusing to disqualify Brouse & McDowell pursuant to § 1103(b).

■ B. Courts sitting in appellate review will not generally consider arguments that were not raised before the court whose decision is under review. *Brickner v. Voinovich,* 977 F.2d 235, 238 (6th Cir.1992). Daido specifically raised § 1103(b) in support of its objection to the Committee's application to continue retention of Brouse & McDowell, but nowhere in either its written objection or the hearing on that objection did Daido raise either Canon 5 or 9 of the Ohio Code of Professional Responsibility. This Court, accordingly, will not reach Daido's arguments with respect to those provisions.

### IV.

The bankruptcy court committed no error in refusing to deny, pursuant to 11 U.S.C. § 1103(b), the Committee's application to continue its retention of Brouse & McDowell. Accordingly, the November 1, 1994 order of the bankruptcy court is affirmed and this appeal is dismissed.

This is a final and appealable order.

IT IS SO ORDERED.