**In re NATIONAL CENTURY FINANCIAL ENTERPRISES, INC., an Ohio Corporation, et al., Debtors.**

No. 02–65235.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 11, 2003.

Charles M. Oellermann, Jones, Day, Reavis & Pogue, Columbus, OH, Ernest B. Williams, Nashville, TN, Jeff J. Marwil, John P. Sieger, Chicago, IL, Joseph M. Witalec, Columbus, OH, Kathy D. Patrick, Houston, TX, Paul R. Brown, Columbus, OH, Peter Young, Chicago, IL, Sydney Ballesteros, Houston, TX, for National Century Financial Enterprises, Debtor.

Dean P. Wyman, Office of the US Trustee, Cleveland, OH, for United States Trustee.

Sam J. Alberts, Washington, DC, Susan L. Rhiel, Columbus, OH, for Great Southeast Community Hospital Corp, Creditor Committee.

Amanda C. Ellis, Worcester, MA, for New England Home Therapies Inc., Creditor Committee.

Leon Friedberg, Columbus, OH, Nancy V. Alquist, Baltimore, MD, Tobey M. Daluz, Wilmington, DE, Vincent J. Marriott, Philadelphia, PA, for Official Unsecured Creditor Committee, Creditor Committee.

## ORDER RELATING TO PLEADING NO. 858

DONALD E. CALHOUN, JR., Bankruptcy Judge.

This matter came before the Court for hearing, upon the following:

Application of the Official NPF VI Noteholders' Subcommittee to Retain Kaye Scholer LLP and Clifford Chance LLP as Co-counsel ("Retention Application") (Pleading No. 858);

Objection of the United States Trustee to the Application of the Official NPF VI Noteholders' Subcommittee to Retain Kaye Scholer LLP and Clifford Chance LLP as Co-Counsel ("Trustee's Objection") (Pleading No. 899);

Memorandum of Kaye Scholer LLP and Clifford Chance LLP in Support of Application of the Official NPF VI Noteholders' Subcommittee to Retain Kaye Scholer LLP and Clifford Chance LLP as Co-Counsel (Pleading No. 908); and

Objection and Position Statement of Metropolitan Life Insurance Company and Lloyds TSB Bank PLC With Respect to Applications to Retain Milbank, Tweed, Hadley and McCloy, Kaye Scholer LLP and Clifford Chance LLP (Pleading No. 913).[1]

At the conclusion of the hearing, the Court requested supplemental briefs. Subsequent to the hearing, the following documents were submitted:

Post-Hearing Memorandum In Support of United States Trustee's Objection to Application of Subcommittee of Official NPF VI Noteholders' Subcommittee to Retain Kaye Scholer LLP and Clifford Chance LLP as Co-Counsel ("Trustee's Post-Hearing Brief") (Pleading No. 962);

Response to the Objections to Appointment of Clifford Chance U.S. LLP as Co-Counsel to the Series VI Subcommittee ("Chance Post-Hearing Brief") (Pleading No. 1035);

Supplemental Memorandum of Law of Kay Scholer LLP in Support of Application of the Official NPF VI Noteholders' Subcommittee to Return Kaye Scholer

---

1. Metropolitan Life Insurance Company and Lloyds TSB Bank PLC, two NPF XII Noteholders, withdrew their objection to the Retention Application subsequent to the hearing.

LLP as Co–Counsel ("Kaye Scholer Post–Hearing Brief") (Pleading No. 1055); and

Statement of Debtors and Debtors in Possession Regarding Application of the Official NPF VI Noteholders' Subcommittee to Retain Kaye Scholer LLP and Clifford Chance LLP as Co–Counsel ("Debtors' Post–Hearing Brief") (Pleading No. 1056).

## I. STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## II. ARGUMENTS OF THE PARTIES

On December 5, 2002, the United States Trustee appointed an Official Committee of Unsecured Creditors in these Chapter 11 cases pursuant to 11 U.S.C. § 1102. The Official Committee of Unsecured Creditors consisted of representatives of NPF VI Noteholders, NPF XII Noteholders, and trade creditors. On December 27, 2002, various law firms, including Kaye Scholer LLP (on behalf of ING Capital Markets LLC ("ING") and Ofivalmo Gestion ("Ofivalmo")) and Clifford Chance LLP (on behalf of Ambac Investments, Inc. ("Ambac")), jointly filed a motion for appointment of separate NPF VI Noteholders' and NPF XII Noteholders' Subcommittees within the Official Creditors' Committee, or, in the alternative, the appointment of separate NPF VI and NPF XII committees. On January 8, 2003, this Court issued a memorandum opinion granting the subcommittees' motion and directed the appointment of separate NPF VI and NPF XII Subcommittees. On January 9, 2003, the U.S. Trustee appointed the Official Subcommittee of NPF VI and the Official Subcommittee of NPF XII.

The NPF VI Subcommittee consists of ING, Ofivalmo, and Ambac.

On January 13, 2003, the NPF VI Subcommittee selected Kaye Scholer and Clifford Chance to serve as co-counsel, subject to the Court's approval. Subsequently, the NPF VI Subcommittee filed its Retention Application. Within the Retention Application, the Official NPF VI Noteholders' Subcommittee ("NPF VI Subcommittee") represents that it desires to retain Kaye Scholer LLP ("Kaye Scholer") and Clifford Chance LLP ("Clifford Chance") as co-counsel. The NPF VI Subcommittee desires to retain Kaye Scholer and Clifford Chance pursuant to 11 U.S.C. § 1103(a) and § 105(a).

Pursuant to the Retention Application, the NPF VI Subcommittee reports that it has assigned different tasks and roles to Kaye Scholer and Clifford Chance, so that only one firm is assigned to each particular matter. The NPF VI Subcommittee further represents that this co-counsel representation is a continuation of the system that was in place prior to the appointment of the NPF VI Subcommittee. Prior to the appointment of the NPF VI Subcommittee, the NPF VI Noteholders coordinated their participation in the Debtors' and related healthcare providers' Chapter 11 cases through Kaye Scholer (on behalf of ING and Ofivalmo) and Clifford Chance (on behalf of Ambac). The NPF VI Subcommittee represents that due to the intimate familiarity that Kaye Scholer and Clifford Chance have acquired with respect to the Debtors' Chapter 11 cases and the providers' Chapter 11 cases, those firms are well suited to represent the NPF VI Subcommittee in an efficient and effective manner. Further, pursuant to the Retention Application, the NPF VI Subcommittee represents that the fees and expenses of both firms, in their capacity as

co-counsel, will be paid exclusively from the NPF VI Noteholders' collateral.

The NPF VI Subcommittee also represents that it will seek to avoid duplication of effort between the two law firms. The NPF VI Subcommittee attaches to the Retention Application an exhibit assigning different tasks and roles to Kaye Scholer and Clifford Chance. The NPF VI Subcommittee represents that it completed the assignment of tasks in order to make sure that only one firm is assigned to each particular matter. In support of the Retention Application, the NPF VI Subcommittee attaches the affidavit of Lester M. Kirshenbaum of Kaye Scholer and the affidavit of Dennis J. Drebsky of Clifford Chance.

In its objection, the Office of the United States Trustee ("Trustee") raises the following issues: (1) Kaye Scholer is not independent by reason of its past representation of Debtor, National Century Financial Enterprises, Inc. ("NCFE"); (2) it is not necessary for two separate law firms to serve as counsel for the Subcommittee; and (3) the scope of services may overlap with the services rendered by counsel for the Committee of Unsecured Creditors. In its objection, the Trustee recognizes that Kaye Scholer disclosed its connections as required by Bankruptcy Rule 2014. However, the Trustee objects to the retention of Kaye Scholer based upon certain disclosures made. In the Declaration and Support of Retention, Kaye Scholer revealed that it "formerly represented NCFE from approximately March, 1999 through approximately May, 2000, in connection with the preparation of a Form S–1 Registration Statement and related documents" in connection with the proposed offering of Debtors' stock. (Declaration, p. 3.)

The Trustee states in its objection that this past representation is sufficient to disqualify Kaye Scholer. As past counsel for NCFE, the Trustee argues that the firm may have received information that is protected by the attorney/client privilege. Further, Kaye Scholer may have gained access to secrets and confidences of NCFE. Pursuant to the Trustee's argument, the duty related to the past representation of NCFE collides with the obligation of Kaye Scholer to represent its current constituency.

In addition to the prior representation, the Trustee argues that the retention of two separate law firms is unnecessary. Time devoted to coordinating activities and to sharing information would be eliminated if only one law firm handled the assignment of representing the NPF VI Subcommittee. The Trustee also raises an objection regarding the duplication of services of counsel for the Creditors' Committee. Based upon the Trustee's objection, the Trustee argues that the Retention Application should be denied.

Metropolitan Life Insurance Company and Lloyds TSB Bank filed an objection and position statement pertaining to the Retention Application. That objection was eventually withdrawn after the hearing occurred. However, the objection raised the following issues, and those issues were presented at the hearing: (1) the NPF VI Retention Application fails to satisfy the requirements of § 328(a) of the Bankruptcy Code; and (2) Kaye Scholer has an interest adverse to the estate in that it represented ING and that entity received a payment of approximately $43 million within weeks of the petition date; (3) Clifford Chance's continued representation of Ambac is a direct conflict with the very purpose of the Subcommittee; and (4) no need exists for two law firms to represent the NPF VI Subcommittee.

In its post-hearing memoranda, Clifford Chance argues that while it is a full service

firm capable of performing diverse tasks for the NPF VI Subcommittee, the proposed work plan dividing tasks eliminates a potential for duplication and takes into account prior knowledge and experience of both firms in this matter. Further, in Debtors' Post–Hearing Brief, they make a statement in support of the retention of Kaye Scholer and Clifford Chance and argue that the participation of both law firms has been productive and constructive in the Chapter 11 cases. The Debtors further state that they do not believe that Kaye Scholer's prior representation of the Debtors in 1999 and 2000, results in a conflict of interest that would prevent that firm from representing the NPF VI Subcommittee.

Finally, in the Kaye Scholer Post–Hearing Brief, Kaye Scholer argues that the NPF VI Subcommittee is entitled to retain counsel of its choice. Pursuant to 11 U.S.C. § 1103(b), Kaye Scholer further argues that it does not possess an adverse interest under that Section and should not be disqualified for representation of NCFE which pre-dates Kaye Scholer's representation of the NPF VI Subcommittee. Kaye Scholer also argues that cause exists for the NPF VI Subcommittee to retain co-counsel.

For purposes of this Order, the Court will review the arguments made by each of the parties and issue its decision based upon its review of the case file, pleadings, and arguments presented at the hearing and supplements submitted since the hearing.

### A. *11 U.S.C. § 1103.*

The NPF VI Subcommittee seeks to employ Kaye Scholer and Clifford Chance, pursuant to 11 U.S.C. § 1103. That Section provides, in pertinent part, as follows:

(a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment of such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

(b) An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

11 U.S.C. § 1103.

### III. *DISCUSSION*

### A. **Bankruptcy Rule 2014(a) Disclosure.**

Bankruptcy Rule 2014(a) requires a professional to submit an employment application stating "to the best of applicant's knowledge, all of the person's connections with the debtor, creditor, and any other party in interest . . . ." Fed. R. Bankr.P. 2014(a). *See, Exco Resources, Inc. v. Milbank, Tweed, Hadley & McCloy LLP (In re Enron)*, 2003 WL 223455 at *4 (S.D.N.Y.2003). Bankruptcy Rule 2014(a) requires Kaye Scholer and Clifford Chance to ensure that all relevant connections are brought to light. *Id.* at *5. *See also, In re Leslie Fay Cos.*, 175 B.R. 525, 533 (Bkrtcy. S.D.N.Y.1994). In reviewing the Retention Application and the supplemental post-hearing briefs, the Court finds that Kaye Scholer's and Clifford Chance's disclosures are sufficiently forthright and detailed.

## B. Adverse Interest Determination.

The Bankruptcy Code grants to committees the power to employ professionals. 11 U.S.C. § 1103(a). Congress liberalized certain restrictions for representation of creditors' committees by amending 11 U.S.C. § 1103(b) in 1984. *See, In re National Liquidators, Inc.,* 182 B.R. 186, 191 (S.D.Ohio 1995). Amended and post–1984 Section 1103(b) prohibits dual representation where the representation "of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." 11 U.S.C. § 1103(b). However, "to hold an adverse interest" is not a defined term in the Bankruptcy Code. *In re National Liquidators, Inc.,* 182 B.R. at 191.

■ In reviewing this situation, the Court must actually examine the factors in order to determine if Kaye Scholer and/or Clifford Chance "holds an adverse interest." The Court cannot merely rubberstamp the employment of these law firms just because Debtors have joined in support of the Retention Application. The Court must independently review the facts of this case while recognizing that the NPF VI Subcommittee's choice of counsel is entitled to a certain amount of deference. *In re Enron,* 2003 WL 223455 at *3.

■ In reviewing the prior representation of Kaye Scholer of NCFE, the Court finds that the representation ended prior to the filing of Debtors' Chapter 11 petitions. In this particular case, Kaye Scholer represented NCFE for a single discreet matter which was never consummated (a proposed initial public offering of NCFE stock, which was never finalized or filed with the Securities and Exchange Commission). Kaye Scholer's representation of NCFE was for a limited time period of approximately fourteen (14) months, and it ended approximately two and one-half years prior to the petition date. Kaye Scholer's former representation of NCFE pre-dated its representation of the NPF VI Subcommittee.

In *Enron,* the United States District Court for the Southern District of New York recently held that creditors' committee's proposed counsel was entitled to be retained even though it had: (i) represented certain related parties in several structured finance transactions during the five-year period preceding the commencement of the Chapter 11 cases, (ii) received payments of fees from certain debtors that allegedly constituted preferential transfers, and (iii) represented certain institutions which had arranged for a structured finance offering on behalf of a debtor affiliate, which included the issuance of debtors' stock and an agreement to sell such stock. *In re Enron,* 2003 WL 223455. The New York District Court held that such counsel: (i) did not possess an adverse interest under § 1103(b), and, (ii) should not have been disqualified for an ethical violation under applicable canons of professional responsibility. The New York District Court held that "[s]ection 1103(b) is not violated if [proposed committee counsel] represents an entity with an adverse interest in a matter unrelated to the bankruptcy case or in a matter that pre-dates [counsel's] representation of the [c]ommittee." *In re Enron* at *5 (citing *In re Firstmark Corp.,* 132 F.3d 1179, 1182 (7th Cir.1997)). *See also Daido Steel Co., Ltd. v. Official Committee of Unsecured Creditors,* 178 B.R. 129, 132 (N.D.Ohio 1995). Consistent with the *Enron* decision, the Court finds that Kaye Scholer's former representation of NCFE, pre-dated its representation of the NPF VI Subcommittee.

■ Further, in reviewing this situation, both Kaye Scholer and Clifford Chance

have represented individual members of the NPF XII Subcommittee. Kaye Scholer seeks continued representation of ING and Ofivalmo. Clifford Chance seeks the continued representation of Ambac. Pursuant to the provisions of the by-laws of the NPF XII Subcommittee, whenever a member has or may have a conflict, it and its counsel are recused from discussions and voting.[2] In reviewing the assigned tasks and designation of duties of the NPF VI Subcommittee, preventive measures are being taken to prohibit conflicts.

Based upon the Court's independent review of the facts of this case, it finds that Kaye Scholer did not represent the Debtor, NCFE, and the Subcommittee at the same time. Further, the Court finds that the NPF VI Subcommittee has taken steps to set up a process whereby Kaye Scholer will not represent the NPF VI Subcommittee in any matter where the interests of ING or Ofivalmo may be adverse. Instead, Clifford Chance will act to represent the NPF VI Subcommittee in matters where the interests may be adverse. *Vice versa*, Kaye Scholer will represent the NPF VI Subcommittee in any matter whereby Clifford Chance's representation of Ambac would cause an adverse interest. Based upon the facts presented, the Court finds that § 1103(b) is not violated.

In this case, the Court has made its independent review and has determined that Kaye Scholer and Clifford Chance meet the requirements and limitations of 11 U.S.C. § 1103(b).[3] Throughout this case, the Court has been very open and direct about its concerns of unnecessary duplication of professional services and retention of professions. The Court,

through this decision, continues to caution Kaye Scholer, Clifford Chance, and those other professionals involved that it will continue to review all subsequent professional fee applications and employment applications with these same concerns in mind. Further, the Court cautions Kaye Scholer and Clifford Chance that they are required to continue to supplement their disclosures.

## IV. CONCLUSION

Based upon the foregoing, the Court hereby approves the Application of the Official NPF VI Noteholders' Subcommittee to Retain Kaye Scholer LLP and Clifford Chance LLP as Co-counsel. The Court further denies the Objection of the United States Trustee to the Application of the Official NPF VI Noteholders' Subcommittee to Retain Kaye Scholer LLP and Clifford Chance LLP as Co-counsel.

IT IS SO ORDERED.

---

2. Both Kaye Scholer and Clifford Chance represent that no such continued representation of the creditors has caused any problems and are not expected to cause any problems.

3. The Court in this decision in no way wishes to impart any doubt about Kaye Scholer's

and/or Clifford Chance's ability or professional qualifications to represent the NPF VI Subcommittee. Both firms are knowledgeable and experienced in representing committees, debtors, and creditors in complex bankruptcy proceedings.