**In re NATIONAL CENTURY FINANCIAL ENTERPRISES, INC., an Ohio Corporation, et al., Debtors.**

No. 02–65235.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

July 11, 2003.

---

Charles M. Oellermann, Jones, Day, Reavis & Pogue, Columbus, OH, Ernest B. Williams, Nashville, TN, Jeff J. Marwil, John P. Sieger, Peter Young, Chicago, IL, Joseph M. Witalec, Columbus, OH, Kathy D. Patrick, Houston, TX, Paul R. Brown, Columbus, OH, Sydney Ballesteros, Houston, TX, for Debtor.

Dean P. Wyman, Office of U.S. Trustee, Cleveland, OH, for U.S. Trustee.

Sam J. Alberts, Washington, DC, Susan L. Rhiel, Columbus, OH, for Great Southeast Community Hosp. Corp.

Amanda C. Ellis, Worcester, MA, for New England Home Therapies Inc.

Leon Friedberg, Columbus, OH, Nancy V. Alquist, Baltimore, MD, Tobey M. Daluz, Wilmington, DE, Vincent J. Marriott, Philadelphia, PA, for Official Unsecured Creditor Committee.

ORDER ON APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL CENTURY FINANCIAL ENTERPRISES, INC., ET AL., TO RETAIN CARLILE PATCHEN & MURPHY, LLP AS LOCAL COUNSEL (Relating to Pleading No. 978)

DONALD E. CALHOUN, JR.,
Bankruptcy Judge.

This matter came before the Court for hearing upon the Application of the Official Committee of Unsecured Creditors of National Century Financial Enterprises, Inc., et al., To Retain Carlile Patchen & Murphy, LLP as Local Counsel ("Application") and the Objection of the United States Trustee to Application of the Official Committee of Unsecured Creditors of National Century Financial Enterprises, Inc., et al. To Retain Carlile Patchen & Murphy, LLP as Local Counsel ("Objection").

### A. *Procedural History*

At the conclusion of the hearing, the Court requested the Committee to further address the issue of whether or not the representation of Carlile Patchen & Murphy LLP ("Carlile") of Highland Hospital Association and Highland Behavioral Services, Inc. (referred to collectively as "Highlands") in this case constituted a prohibition of the Committee's retention of Carlile. In response to that request, the Creditors' Committee filed a Supplemental Affidavit of Leon Friedberg in Support of the Application of the Official Committee of Unsecured Creditors To Retain Carlile Patchen & Murphy, LLP as Local Counsel ("Supplemental Affidavit") and a Supplemental Memorandum in Support of Application of the Official Committee of Unsecured Creditors of National Century Financial Enterprises, Inc., et al. To Retain Carlile Patchen & Murphy, LLP as Local Counsel ("Supplemental Memorandum").

### B. *Statement of Jurisdiction*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### C. *Arguments of the Parties*

Within the Application, the Creditors' Committee represents that it desires to retain Carlile pursuant to 11 U.S.C. § 1103(a) to assist Ballard Spahr Andrews & Ingersoll, LLP ("Ballard Spahr") as local counsel in the performance of, among other things, the following tasks:

a. advise the Committee with respect to its rights, powers, and duties in these cases;

b. assist and advise the Committee in its consultations with Debtors relative to the administration of these cases;

c. assist the Committee in analyzing the claims of Debtors' creditors and in negotiating with such creditors;

d. assist with the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of

Debtors and of the operation of Debtors' businesses;

e. assist the Committee in its analysis of, and negotiations with, Debtors or any third party concerning matters related to, among other things, the terms of a plan or plans of reorganization for Debtors;

f. assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in these cases;

g. represent the Committee at all hearings and other proceedings;

h. review and analyze all applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

i. assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objections; and

j. perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

(Application, pp. 2–3). In support of the Application, the Creditors' Committee attached the Affidavit of Leon Friedberg in Support of the Application of the Official Committee of Unsecured Creditors to Retain Carlile Patchen & Murphy, LLP as Local Counsel ("Affidavit"). Within that Affidavit, Mr. Friedberg on behalf of Carlile, in pertinent part, makes the following disclosures:

a. Carlile does not represent, and has not represented, any entity other than the Committee in matters related to these chapter 11 cases except as set forth below.

b. Prior to November 18, 2002, the ("Petition Date"), Carlile represented debtor National Century Financial Enterprises, Inc. ("NCFE"), with respect to discrete litigation matters, which representation ended in October 1998, Carlile's then-partner in charge of the NCFE engagement left Carlile in September 1998, and that former partner continued the representation of NCFE with his subsequent law firm. Carlile has not represented NCFE since October 1998.

c. Prior to the Petition Date, Carlile represented the following clients in matters unrelated to these chapter 11 cases: *Huntington National Bank, Fifth Third Bank, Provident Bank,* and *Bank One.* Carlile has not represented these clients in any matters related to the Debtors' Case, nor will Carlile represent the Committee in matters directly adverse to these clients.

d. From approximately late December 2002 through February 2003, Carlile represented Highland Hospital Association and Highland Behavioral Health Services, Inc. (together, "Highlands") with respect to the Debtors' Bankruptcy Cases. As of February 28, 2003, with the consent of both Highlands and the Committee, Carlile has terminated and withdrawn from its representation of Highlands in all matters, including in this case, wherein Highlands will engage other counsel. Carlile will not represent the Committee in any matters in which the Committee and Highlands are directly adverse.

e. . . . .

(Affidavit, pp. 3–4).

In its Objection, the Office of the United States Trustee ("Trustee") raises issue

with the fact that Carlile represented Highlands as legal counsel in an adversary proceeding brought by the Debtor. In support of the Objection, the Trustee argues that Carlile's representation of Highlands ceased only recently. The Trustee further argues that such representation presents a patent conflict of interest, which should preclude Carlile's appointment. Finally, the Trustee argues that the Carlile firm should supplement its disclosure about prior representation of the Debtor to fully disclose its specific services and potential impact upon the current case.

In response to the Trustee's Objection and the Court's request for the Committee to further address Carlile's representation of Highlands, the Committee filed its Supplemental Affidavit and Supplemental Memorandum. In its Supplemental Memorandum, the Committee argues that "all considerations relevant to Carlile's retention under 11 U.S.C. § 1103(b), and all applicable professional and ethical considerations and rules have been fully, carefully, and forthrightly dealt with under the highest professional standards and practices with respect to all relevant policies." (Supplemental Memorandum, p. 8). Highlands expressly consented to Carlile's proposed engagement as local counsel and expressly waived any potential disqualification based upon the prior representation. Further, the Committee argues that it was not a party to the adversary proceeding naming Highlands as defendants and that Highlands were dismissed from the adversary with prejudice. Finally, the Committee argues that an express carve-out has been made to prevent Carlile from representing the Committee or certain identified parties in matters directly adverse to each other.

For purposes of this Order, the Court will review the arguments made by each of the parties and issue its decision based upon its review of the case file, pleadings, and arguments presented at the hearing and supplements submitted since the hearing.

### D. *11 U.S.C. § 1103*

The Creditors' Committee seeks to employ Carlile pursuant to 11 U.S.C. § 1103. That section provides, in pertinent part, as follows:

> (a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment of such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

> (b) An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

11 U.S.C. § 1103.

### E. *Discussion*

#### 1. *Bankruptcy Rule 2014(a) Disclosure.*

Bankruptcy Rule 2014(a) requires a professional to submit an employment application stating "to the best of applicant's knowledge, all of the person's connections with the debtor, creditor, and any other party in interest...." Fed. R. Bankr.P. 2014(a). *See Exco Resources, Inc. v. Milbank, Tweed, Hadley & McCloy LLP (In re Enron)*, 2003 WL 223455 at *4 (S.D.N.Y.2003). Bankruptcy Rule 2014(a)

requires Carlile to ensure that all relevant connections are brought to light. *Id.* at *5. *See also In re Leslie Fay Cos., Inc.,* 175 B.R. 525, 533 (Bankr.S.D.N.Y.1994). In reviewing the Application and the Supplemental Affidavit, the Court finds that Carlile's disclosures are sufficiently forthright and detailed.

### 2. *Adverse Interest Determination.*

The Bankruptcy Code grants to committees the power to employ professionals. 11 U.S.C. § 1103(a). Congress liberalized certain restrictions for representation of creditors' committees by amending 11 U.S.C. § 1103(b) in 1984. *See, In re National Liquidators, Inc.,* 182 B.R. 186, 191 (S.D.Ohio 1995). Amended and post–1984 Section 1103(b) prohibits dual representation where the representation "of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." 11 U.S.C. § 1103(b). However, "to hold an adverse interest" is not a defined term in the Bankruptcy Code. *In re National Liquidators, Inc.,* 182 B.R. at 191.

In this particular case, Carlile represented Highlands, defendants in an adversary proceeding brought by Debtors. That representation was limited to a short three-month duration, to filing responsive pleadings in the adversary proceeding, and filing a statement of issues relating to a Scheduling Order and Notice entered on December 3, 2002. Subsequent to undertaking the representation of Highlands, Carlile disclosed expressly to Highlands its potential representation of the Committee and disclosed to the Committee its past representation of Highlands, NCFE, and related parties. Highlands entered into a disengagement letter with Carlile, and the Committee entered into an engagement letter with Carlile. Both such letters rec-

ognized that Carlile would participate in a carve out procedure to avoid even the possibility of appearance of a future conflict.

■ In reviewing this situation, the Court must actually examine the factors in order to determine if Carlile "holds an adverse interest." The Court cannot merely rubberstamp the employment of Carlile just because Highlands has consented to its proposed engagement and expressly waived any potential disqualification based upon prior representation. The Court independently must review the facts of this case while recognizing that the Committee's choice of counsel is entitled to a certain amount of deference. *In re Enron,* 2003 WL 223455 at *3.

■ In reviewing the facts of this case, 11 U.S.C. § 1103(b) is violated if Carlile represents both the Committee and another party, with an interest adverse to the committee, in matters related to the bankruptcy proceeding. *Id.* at *7. *See Daido Steel Co., Ltd. v. Official Committee of Unsecured Creditors,* 178 B.R. 129, 132 (N.D.Ohio 1995). Section 1103(b) is not violated if Carlile represents an entity with an adverse interest in a matter unrelated to the National Century bankruptcy case or in a matter that predates its representation of the committee. *See, In re Enron,* 2003 WL 223455 at *7. Based upon the facts presented, the Court finds that Section 1103(b) is not violated.

■ In this case, Carlile did not and does not represent Highlands and the Committee at the same time. Carlile took precautions to disclose potential conflicts, and Highlands no longer remain as defendants in the adversary proceeding brought by Debtors. Further, Carlile has limited its scope of employment to preclude any adverse interest conflicts.

■ Again, in making this decision, the Court cautions that in such cases, factors

need to be independently reviewed in order to determine if the attorney, accountant, or other professional holds an adverse interest. The Court must be very cautious in the case of a professional withdrawing from its representation of one party to represent another.[1] In this case, the Court has made its independent review and has determined that Carlile meets the requirements and limitations of 11 U.S.C. § 1103(b).

Throughout this case, the Court has been very open and direct about its concerns of unnecessary duplication of professional services and retention of professionals. The Court, through this decision, continues to caution Carlile and those other professionals involved that it will continue to review all subsequent professional fee applications and employment applications with these same concerns in mind. Further, the Court cautions Carlile that it is required to supplement its disclosures.

### F. *Conclusion*

Based upon the foregoing, the Court hereby approves the Application of the Official Committee of Unsecured Creditors of National Century Financial Enterprises, Inc., et al., To Retain Carlile Patchen & Murphy LLP as Local Counsel and denies the Objection of the United States Trustee to Application of the Official Committee of Unsecured Creditors of National Century Financial Enterprises, Inc., et al. To Retain Carlile Patchen & Murphy LLP as Local Counsel. The Court further denies the Objection of the United States Trustee to the Application of the Official Committee of Unsecured Creditors of National Century Enterprises, Inc., et al., To Retain

Carlile Patchen & Murphy LLP as Local Counsel.

IT IS SO ORDERED.

---

1. The Court in its review in no way wishes to impart any doubt about Carlile's ability for professional qualifications to represent the Committee as local counsel. The Carlile firm is knowledgeable and experienced in representing committees, debtors, and creditors in complex bankruptcy proceedings.